# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS KLAUS, individually and on behalf of all others similarly situated, | : : : : | Civil No. 1:12-CV-2421 |
| | : | (Judge Conner) |
| Plaintiff | : : | (Magistrate Judge Carlson) |
| v. | : : | |
| SOVEREIGN BANK, NATIONAL ASSOCIATION, | : : : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

Now pending before the Court is the defendant's motion to dismiss the plaintiff's complaint on the grounds that the complaint fails to state a claim for relief under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). The motion has been fully briefed and has been referred to the undersigned for purposes of preparing a report and recommended disposition. For the reasons that follow, we recommend that the motion be denied, without prejudice to subsequent consideration of potentially dispositive motions on a fully developed factual record, and that this action proceed to discovery.[1]

---

[1] It appears that this action is slated to be referred to mediation proceedings, but that such referral is being deferred pending disposition of the pending motion

## II. BACKGROUND

Thomas Klaus commenced the above-captioned action against Sovereign Bank on December 4, 2012, alleging that the bank violated the Title III of the ADA by failing to maintain automatic teller machines ("ATMs") that comply with the requirements of the ADA and its implementing regulations that are aimed at ensuring that ATMs are accessible to blind and visually-impaired individuals.

Klaus has been legally blind since 1994. (Id. ¶ 1.) Throughout the plaintiff's daily business, he has occasion to use banking services through ATMs – provided those services are accessible to the blind. (Id. ¶ 2.) If an ATM does not have accessibility features that are mandated under federal law, a blind consumer like Mr. Klaus is unable to use the ATM independently, and is then faced with sharing private banking information with other individuals to complete banking transactions. (Id. ¶ 3.)

Although federal law now imposes a number of requirements that are intended to ensure that ATMs can be accessed and used by blind and visually-impaired individuals, accessibility problems remain a concern. Thus, the plaintiff refers to a recent article in the Wall Street Journal which observed that at least 50% of the ATMs

---

to dismiss. (Doc. 28.) In consideration of the discrete nature of the claims asserted in this action, it is submitted that this case may well benefit from early mediation efforts.

throughout the nation remain inaccessible to blind individuals, in violation of federal law. (Id. ¶ 4.) According to the plaintiff, a number of the ATMs in the geographic region that the plaintiff typically travels as part of his everyday and weekly activities violate accessibility requirements.

Sometime after March 15, 2012, the plaintiff visited an ATM owned and operated by Sovereign, located at 4251 Union Deposit Road in Harrisburg, Pennsylvania. According to the plaintiff, this ATM, which is located eight miles from the plaintiff's home, is inaccessible to the blind in violation of federal law. (Id. ¶ 9.) Nevertheless, given its proximity, the plaintiff will continue regularly to visit the ATM in the future as part of his effort to locate accessible ATMs that he personally can use that are located within the geographic zone that he regularly travels, and as part of his personal effort to locate ATMs accessible to the blind community at large. (Id. ¶ 10.)

With respect to the actual violations alleged, the plaintiff contends that sometime after March 15, 2012, the plaintiff discovered that the subject ATM lacked a functional voice-guidance feature, and the function keys did not have proper tactile symbols. (Id. ¶ 39.) According to the plaintiff, after discovering the subject ATM lacked accessibility for the visually impaired, he caused an investigation to be undertaken which revealed that "many of Defendant's ATMs are similarly in

3

violation of Chapter 707 of the 2010 Standards as of the date of filing [the] Complaint." (Id. ¶ 40.) The plaintiff further alleges that although the defendant has centralized policies regarding the management and operation of the bank's ATMs, Sovereign nevertheless does not have a plan or policy that is reasonably calculated to cause its ATMs to be in timely compliance with Chapter 7 of the 2010 Standards for Accessible Design (the "2010 Standards").[2]

The plaintiff alleges that he is routinely in the vicinity of the subject ATM that is inaccessible to him, but has to date been without ability to use the ATM because it remains in violation of the 2010 Standards. (Id. ¶ 44.) In addition, the plaintiff alleges that a "significant percentage" of the ATMs that are located within the

---

[2] The 2010 Standards were a product of the Department of Justice's rulemaking with respect to Title III of the ADA, which prohibits discrimination in the activities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. See 42 U.S.C. §§ 12181-89. The 2010 Standards that DOJ issued modified the 1991 Standards for Accessible Design (the "1991 Standards"), which themselves were based on the 1991 Americans with Disabilities Act Accessibility Guidelines (the "1991 ADAAG"), which was later modified in 2004 (the "2004 ADAAG").

The 2004 ADAAG provided specific accessibility guidelines for ATMs, including guidelines intended to ensure that ATMs are accessible to, and capable of being used independently by, visually-impaired individuals. (Compl., ¶ 33.) These guidelines include a number of specific elements, including that ATMs be speech enabled; that input controls shall be tactilely discernible; that function keys shall have specific tactile symbols; and that Braille instructions shall be provided for initiating the speech mode. Section 7 of the 2010 Standards embraces these requirements prescribed by the 2004 ADAAGs.

geographic zone that the plaintiff travels regularly do not comply with the 2010 Standards, and thus are similarly not accessible to blind individuals like him. (Id. ¶ 45.) Nevertheless, the plaintiff avers that he will continue to attempt to use the subject ATM because he wishes to find convenient accessible ATM options available to him with the geographic zone that he routinely travels as part of his regular activities, and because he wants to increase ATM accessibility for the blind in general. (Id. ¶ 47.) However, he alleges that without injunctive relief, he will continue to be unable to independently use Sovereign's ATMs in violation of his rights under the ADA. (Id. ¶ 49.)

Sovereign Bank has moved to dismiss the complaint, arguing that although the bank regrets any inconvenience that the plaintiff experienced on the occasion when the plaintiff was allegedly unable to use the subject ATM, the plaintiff's allegations are nevertheless insufficient to support a claim that Sovereign Bank violated the ADA or that he is entitled to injunctive relief. Sovereign Bank maintains that a single alleged technological malfunction, on its own, is insufficient to sustain the plaintiff's claims in this case, and further contends that the allegedly incorrect tactile symbols on the ATM in question are subject to a "safe harbor" provision of the ADA.

The plaintiff opposes the motion, observing the complaint alleges more than a single, isolated instance of technological malfunction; to the contrary, the complaint

sets forth allegations that the plaintiff has undertaken an investigation of other Sovereign ATMs located in this geographic area and has found that many of the ATMs in Sovereign's network violate the accessibility laws at issue. Additionally, the plaintiff points to allegations claiming that Sovereign does not have a plan or policy that is reasonably calculated to cause its ATMs to be in timely compliance with Chapter 7 of the 2010 Standards, since its network allegedly remains out of compliance. On the basis of these allegations, the plaintiff maintains that he has alleged sufficient facts to demonstrate a plausible claim for violations of the ADA, and he asserts that the motion to dismiss should be denied.

### III. STANDARD OF REVIEW

The defendant has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in

> Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

7

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court

should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's

9

entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

### IV. **DISCUSSION**

Title III of the ADA addresses discrimination by places of public accommodation, and provides in relevant part as follows: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

In order to state a claim for discrimination under Title III of the ADA, a plaintiff must allege that: (1) he was discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation; and (3) by any person who owns, leases (or leases to), or operates a place of public accommodation. Harty v. Burlington Coat Factory of Pennsylvania, L.L.C., Civ. A. No. 11-01923, 2011 WL 2415169, at *9 (E.D. Pa. 2011); Bowers v. Nat'l Collegiate Athletic Ass'n, 9 F. Supp. 2d 460, 480 (D.N.J. 1998); Sharrow v. Bailey, 910 F. Supp. 187, 191 (M.D. Pa. 1995); see also 42 U.S.C. § 21282(a).

In this case, Sovereign claims that the plaintiff has not alleged adequately that he was discriminated against on the basis of his visual impairment. The defendant bases its argument on a narrow reading of the complaint, which Sovereign claims alleges only that the plaintiff visited a single ATM in the bank's network on one occasion and found its voice-guidance technology features to be non-functioning. The bank interprets this allegation as being an admission on the plaintiff's part that the ATM actually was equipped with voice-guidance features, and thus the court should find as a legal and factual matter that the bank "sought to comply" with the ADA. (Doc. 16, at 6.)

Relying upon two cases outside of the Third Circuit in which courts held, on a fully developed summary judgment record, that the defendants in those cases could not be found liable for violating the ADA based upon isolated or temporary technical impairments in services for the disabled, Sovereign insists that it is entitled to

dismissal of this action at the pleading stage. (Doc. 16, at 7.) (citing Thill v. Olmstead County, No. 08-CV-4612, 2010 WL 3385234, at *6 (D. Minn. Aug. 24, 2010) and Foley v. City of Lafayette, Ind., 359 F.3d 925, 926 (7th Cir. 2004)). Thus, Sovereign flatly contends that because the complaint does not allege that the plaintiff ever returned to the subject ATM to discover if its visually-impaired technology remained inoperable, he "cannot, as a matter of law, state a claim against Sovereign for violation of the ADA and the 2010 Standards when he acknowledges that Sovereign installed voice-guidance technology on the ATM at issue." (Doc. 16, at 8.)

Sovereign also quarrels with the sufficiency of the plaintiff's factual averments, noting that although the plaintiff alleged that the ATM's function keys "did not have the proper tactile symbols," the plaintiff nevertheless failed to identify specifically "what symbols are missing." (Id.) Sovereign also complains that the plaintiff's complaint is overly general in that it alleges that many of the bank's ATMs in its network are similarly in violation of the Chapter 707 of the 2010 Standards, but he "fails to allege exactly how any other ATM violates Chapter 707 of the 2010 Standards." In spite of making this argument, Sovereign offers no compelling legal authority holding that allegations of the kind the plaintiff has made in the complaint

are so legally deficient, or somehow fail adequately to state a claim for discrimination under Title III of the ADA, justifying dismissal of this action on the pleadings.[3]

Upon consideration, we find that Sovereign's interpretation of the nature and scope of the plaintiff's complaint is unreasonable, and provides no basis to dismiss the complaint at this early stage where our review is limited to the pleadings themselves. With respect to the argument that the plaintiff's claim fails as a matter of law because it is predicated on allegedly temporary or isolated disruptions in the provision of accessibility features for the visually impaired at the bank's ATMs, we

---

[3] Sovereign also asserts that it may be protected from any liability in this case as the result of certain "safe harbor" provisions of the ADA. (Doc. 16, at 9.) The "safe harbor" provision is found at 28 C.F.R. § 36.304(d)(2)(i) which provides that "Elements that have not been altered in existing facilities on or after March 15, 2012 and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards." As the plaintiff notes, the "safe harbor" provision is subject to limitations set forth in 28 C.F.R. § 36.304(d)(2)(iii), providing that the "safe harbor" is available only for elements that have technical and scoping specifications in the 1991 Standards. The plaintiff maintains that there were not technical or scoping specifications in the 1991 Standards for ATM machines, other than specifications for physical accessibility and reach ranges, and that the scoping specifications set forth in Chapter 7 of the 2010 Standards are "supplemental requirements" that must be complied with. Upon consideration, we find that because Sovereign's argument is largely undeveloped, is dependent upon an interpretation of the plaintiff's allegations that Sovereign characterizes as "unclear," (id.), and because it appears that this argument may be factually dependent and somewhat questionable legally, we find that it provides an insufficient basis upon which for the court to conclude that the complaint fails to state a claim.

13

recognize that the applicable regulations do provide an exception to liability in some cases. See 28 C.F.R. § 36.211(b) (providing that the ADA "does not prohibit isolated or temporary interruptions in service or access due to maintenance or repairs."). But in this case, as we construe the complaint, the plaintiff has not alleged that the accessibility barriers that he claims to have encountered were isolated or temporary, or that they were the result of maintenance or repairs, and Sovereign has pointed to no facts alleged in the complaint that can reasonably be interpreted as an admission on the plaintiff's part that 28 C.F.R. § 36.211 actually bars the claim he is bringing here.

Moreover, as the plaintiff notes, courts have found that whether interruptions in access are "isolated or temporary," and thus come within the protections of 28 C.F.R. § 36.211, present questions of fact that are not properly subject to disposition through a motion under Rule 12(b)(6). See, e.g., Chapman v. Pier 1 Imports (U.S.), Inc., 870 F. Supp. 2d 995, 1009 (E.D. Cal. 2012) ("Whether the barriers that Chapman encountered were "isolated or temporary" is a question of fact.")[4]; Sparks v. City of Peoria, No. 09-1159, 2009 WL 3764032, at *4 (C.D. Ill. Nov. 10, 2009); Eiden v. Home Depot USA, Inc., No. CIVS04-977, 2006 WL 1490418, at *13 (E.D.

---

[4] Notably, Chapman was decided in the context of summary judgment, not a motion to dismiss.

Cal. May 26, 2006)

In addition, the allegations in the complaint are actually broader than Sovereign suggests. In arguing that the plaintiff's claim is limited to an isolated incident, and that the plaintiff never returned to the ATM to assess whether its voice-guidance technology had been repaired or become operations, Sovereign ignores other facts alleged in the complaint. In this regard, we note that the plaintiff claimed that after encountering the inaccessible ATM, he caused an investigation to be undertaken, which revealed that many of the ATMs in Sovereign's regional network similarly violated the ADA accessibility laws at issue in this case. (Compl., ¶¶ 36, 40.) Additionally, the plaintiff alleged that Sovereign lacks a plan reasonably calculated to cause its ATMs to come into timely compliance with Chapter 7 of the 2010 Standards, since the plaintiff's investigation allegedly showed that the bank's network remained out of compliance. (Id. ¶¶ 37, 41.) We find that these allegations, in addition to the other allegations in the complaint alleging that Sovereign discriminated against the plaintiff and other similarly situated blind or visually impaired persons by failing to ensure that its ATMs are accessible to blind and visually-impaired individuals, are adequately pleaded and sufficient to state a claim upon which relief could be granted. Accordingly, we will recommend that the

defendant's motion to dismiss the complaint be denied and that the litigation be permitted to proceed.

In sum, in this case the procedural posture of the litigation defines the substantive outcome of this motion. With our review confined to an assessment of the well-pleaded facts, we should decline the defendant's invitation to dismiss this action. Instead, the question of whether the plaintiff can state a claim under the ADA must await another time, and a fully developed factual record.

## V.   **<u>RECOMMENDATION</u>**

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED THAT the defendant's motion to dismiss the complaint (Doc. 15.) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of April 2013.

                                        ***/s/ Martin C. Carlson***
                                        Martin C. Carlson
                                        United States Magistrate Judge